**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **MEIK A. AGUSTIN-GERIKE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RENT-A-CENTER, INC.**<br><br>**Defendant.** | **CIVIL NO. 14-1138 (PAD)** |

**MEMORANDUM AND ORDER**

Before the Court is defendant's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 (b)(1); Or, Alternatively, To Compel Arbitration with Memorandum of Law in Support Thereof" (Docket No. 8), with a Report and Recommendation ("R & R") from Magistrate Judge Bruce McGiverin recommending that the motion be granted (Docket No. 26). For the reasons explained below, the Court adopts the R & R, grants the motion, compels the parties to submit to arbitration, and dismisses the complaint.

## I. BACKGROUND

Plaintiff Meik M. Augustin Gerike ("Agustin") initiated this action against Rent-A-Center Inc. ("RAC") in the San Sebastian Part of the Court of First Instance of Puerto Rico: (1) claiming to have been discriminated against and unjustly discharged from her employment with RAC in violation of the Constitution of the United States, the Civil Rights Act of 1964, the Constitution of Puerto Rico, and Puerto Rico Law No. 100 of June 30, 1959; and (2) seeking reinstatement, and payment of damages, penalties, costs, expenses, fines, attorney's fees, and in the alternative, of indemnification under Puerto Rico Law No. 80 of 1976 (Docket No. 1, Exhibit 1).

RAC removed the action under the authority of 28 U.S.C. § 1332, pursuant to the procedure set forth in 28 U.S.C. § 1446 (Docket No. 1), and subsequently moved to dismiss under Fed. R.

Civ. P.12(b)(1), or in the alternative, to compel arbitration (Docket No. 8). Augustin opposed the motion (Docket No. 16), RAC replied (Docket No. 19), and Augustin sur-replied (Docket No.24).

On June 4, 2014, the Court referred the case to Magistrate Judge Bruce McGiverin for a hearing and report and recommendation (Docket No. 24). On June 27, 2014, the magistrate judge recommended that RAC's motion be granted, warning that failure to file specific objections within fourteen days would constitute a waiver of the right to appellate review (Docket No. 26, at p. 8). No objection has been filed.

## II. DISCUSSION

### A. Referral

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

"Absent objection, . . .[a] district court ha[s] a right to assume that [the affected party] agree[s] with the magistrate judge's recommendation." López-Mulero v. Vélez-Colón, 490 F.Supp.2d 214, 217-218 (D.P.R. 2007)(internal citations omitted). In reviewing an unopposed report and recommendation, the court "needs only [to] satisfy itself by ascertaining that there is no

'plain error' on the face of the record." López-Mulero, 490 F.Supp.2d at 218; see also, Toro-Méndez v. United States of America, 976 F.Supp.2d 79, 81 (D.P.R. 2013).

B. Recommendation

The magistrate judge recommended that RAC's motion to compel arbitration be granted (Docket No. 26, at 7). After a thorough analysis of the applicable law, he concluded that (i) Augustin manifested objective consent to the arbitration agreement, (ii) a contract was clearly formed by the parties, and (iii) any remaining issues regarding the validity of the arbitration agreement must be referred to the arbitrator for resolution pursuant to the delegation provisions in the parties' agreement. Id. at p. 7.

The Court has made an independent examination of the entire record in this case and determines that the magistrate judge's findings are well supported in the record and the law. Consequently, the Court hereby adopts the R & R in its entirety.

As to disposition, RAC's motion asks for a dismissal or, in the alternative, to stay proceedings and compel arbitration (Docket No. 8, at p. 12). Given that all remaining issues raised in the action are arbitrable, they must be submitted to arbitration for adjudication. Therefore, the parties are compelled to submit them to arbitration.

In these circumstances, no live controversies will remain before this court. Retaining jurisdiction and staying the action would serve no purpose. See, Caguas Satellite Corp. v. Echostar Satellite LLC, 824 F. Supp. 2d 309, 316-317 (D.P.R. 2011)(so noting). In light of the present case posture, dismissal of the action is appropriate. This conclusion does not preclude ultimate judicial review or enforcement of the arbitration award should the affected party consider it necessary.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of June, 2014.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge